ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| MUNICIPIO AUTÓNOMO DE MAYAGÜEZ; MAYAGÜEZ ECONOMIC DEVELOPMENT, INC.<br><br>Peticionarios<br><br>V.<br><br>ÉGIDA DEL POLICÍA, INC.<br><br>Recurrido | KLCE202401154 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV01100<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

# SENTENCIA

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

El pasado 23 de octubre de 2024, la parte peticionaria Municipio Autónomo de Mayagüez y Mayagüez Economic Development, Inc, presentó esta "Petición de *Certiorari*" junto a "Urgente Moción en Auxilio de Jurisdicción". Evaluado el recurso y la Moción presentada, ordenamos a la parte recurrida que expresara su posición, de así desearlo, en torno a la Petición de Certiorari y la Urgente Moción en Auxilio de Jurisdicción. Dicha parte recurrida no compareció y se dio por perfeccionado este recurso y al amparo de la Regla 79 del Reglamento de este Tribunal de Apelaciones de Puerto Rico. El 6 de noviembre de 2024 se emitió una Resolución por este Foro, mediante la cual se ordenó la paralización de todo trámite pendiente ante la Sala de Mayagüez del Tribunal de Primera Instancia, en adelante TPI, en este caso.

Veamos el trámite acaecido en el caso.

Número Identificador

SEN2024 _____

**I.**

El caso trata de una Demanda presentada por los aquí peticionarios, el pasado 1 de julio de 2024. La aquí recurrida, presentó Contestación a Demanda el 6 de septiembre de 2024 y el 10 de septiembre de 2024, los aquí peticionarios presentaron Moción Solicitando Sentencia Parcial por las Alegaciones de la Parte Demandada. La parte demandada, aquí recurrida, no se opuso a la misma, ni tampoco se lo requirió el TPI. Evaluada la petición, el 24 de septiembre de 2024, el TPI emitió Resolución en la cual declaró:

No Ha Lugar a Solicitud Dictar Sentencia Parcial.

Así las cosas, el 23 de septiembre de 2024, notificada al día siguiente, el TPI emitió una Orden requiriendo a las partes presentar el documento requerido en la Regla 37.1 de las de Procedimiento Civil, 32 LPRA Ap. V y denominado Informe para el Manejo del Caso, no mas tarde del pasado 4 de noviembre de 2024.

Inconforme con las determinaciones previas, la parte demandante, aquí peticionaria, presentó esta "Petición de *Certiorari*" junto a "Urgente Moción en Auxilio de Jurisdicción", el pasado 23 de octubre de 2024.

Como antes indicamos, todo trámite en el TPI está paralizado por Orden de este Tribunal de Apelaciones contenida en Resolución del pasado 6 de noviembre de 2024.

En este Recurso se reclama un error que lee y citamos:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE SENTENCIA PARCIAL POR LAS ALEGACIONES, A PESAR DE QUE, DE LA CONTESTACIÓN A LA DEMANDA, SURGEN ADMISIONES SUFICIENTES PARA DICTAR SENTENCIA POR LAS ALEGACIONES CONFORME LA REGLA 10.3 DE PROCEDIMIENTO CIVIL, LO CUAL CONSTITUYE UN ABUSO DE DISCRECIÓN.

Por los fundamentos que pasamos a exponer, se expide el auto de *Certiorari* solicitado y se revoca la Resolución recurrida.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); McNeil Healthcare v. Mun. Las

Piedras I, *supra*; Mun. de Caguas v. JRO Construction, *supra*, pág. 709. En lo que nos atañe, esta Regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000).  Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311, 321 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729, 745 (1986); Valencia Ex Parte, 116 DPR 909, 913 (1986).  El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).  De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular, *supra*, pág. 154.

**B.**

Las Reglas de Procedimiento Civil vigentes permiten que una vez se presente la contestación a la demanda o se anote la rebeldía, cualquier parte solicite al tribunal que dicte sentencia por

las alegaciones. Véase: Regla 10.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.3. En específico, la Regla 10.3 de Procedimiento Civil, *supra*, permite que cualquier parte pueda solicitar al tribunal que dicte sentencia por las alegaciones, después de que se haya contestado la demanda y cualquier otra alegación que requiera contestación. Montañez v. Hosp. Metropolitano, 157 DPR 96, 102 (2002).

La sentencia por las alegaciones puede ser emitida cuando de éstas surja que no existe controversia sustancial de hechos y sólo reste aplicar el derecho a los hechos establecidos, por lo que no sería necesario celebrar un juicio en su fondo. PAC v. ELA I, 150 DPR 359, 377 (2000). Es decir, que sólo procede conceder una solicitud al amparo de la anterior Regla 10.3 de Procedimiento Civil, *supra*, cuando de las alegaciones "surge que no existe controversia sustancial de hechos, haciendo innecesario la celebración de un juicio en su fondo para recibir o dilucidar la prueba". Montañez v. Hosp. Metropolitano*, supra*. Ello, si el promovente tiene la razón como cuestión de derecho. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2000, T. I, págs. 279-280.

En consecuencia, una sentencia bajo la Regla 10.3, *supra*, debe estar fundamentada únicamente en las alegaciones. Las alegaciones permitidas son la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones. Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1.

El estándar aplicable a la adjudicación de una moción bajo la Regla 10.3 de Procedimiento Civil, *supra*, es el mismo al que se utiliza ante una moción de desestimación fundamentada en que la demanda deja de exponer una reclamación que justifique la

concesión de un remedio bajo la Regla 10.2(5) de Procedimiento Civil, *infra*. <u>Montañez v. Hosp. Metropolitano</u>, *supra*, pág. 104. Ello, pues, ambas se dirigen a los méritos de la controversia y no a los aspectos procesales del caso. Íd., págs. 104-105. El tribunal deberá examinar las alegaciones de la demanda liberalmente y de la manera más favorable a la parte opositora. Íd., págs. 101-105.

Existe controversia entre las alegaciones cuando los hechos aseverados por una parte no son aceptados por la parte contraria. El acto del juicio se hace necesario cuando entre las alegaciones de las partes existen hechos pertinentes en controversia. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 5ta ed., San Juan, Pub. Lexis Nexis, 2010, pág. 273.

## C.

Con respecto a las alegaciones responsivas de una parte demandada, la Regla 6.2 inciso (a) y (b) de Procedimiento Civil, 32 LPRA Ap. V, Regla 6.2 (a) y (b), dispone que:

> (a) La parte a quien corresponda presentar una alegación responsiva admitirá o negará las aseveraciones en que descanse la parte contraria y expondrá sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas.
>
> (b) En caso de que la parte que presente una alegación responsiva incumpla total o parcialmente con los requisitos impuestos en el inciso (a) de esta regla, el tribunal, a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las exigencias de dicho inciso. […]

Conforme lo dispone la Regla 6.2 (a) de Procedimiento Civil, supra, la parte a quien le corresponda presentar una alegación responsiva deberá no solo admitir o negar las aseveraciones que formule la parte demandante, sino que deberá, a su vez, exponer "sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales

defensas." El presente texto de la Regla, según lo explicó el Comité Asesor Permanente de Reglas de Procedimiento Civil, es producto de una enmienda que surgió a raíz del criterio de que las contestaciones a demandas se habían convertido en documentos sin "valor real alguno para el tribunal ni para los demandantes" ello pues, de ordinario, las partes se limitaban a "negar o aceptar escuetamente las aseveraciones de la demanda y a enumerar un catálogo de defensas, sin aportar ningún hecho que las sustente." Véase, *Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico*, marzo de 2008, a la pág. 73.

Fue la consideración del Comité de que dicho documento, de por sí, no contribuía a aclarar los hechos medulares de la controversia ni le permitía al tribunal conocer, "en términos generales, la teoría de defensa de los demandados" lo que indujo a enmendar la referida Regla a los fines de remediar la situación. *Íd*. Cónsono con ello, comenta el tratadista Cuevas Segarra lo siguiente:

> La nueva Regla 6.2 (a) requiere que la parte exponga sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas. Si se incumpliere, el tribunal, a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las nuevas exigencias, Regla 6.2 (b), y de no hacerlo, el Tribunal puede o eliminarle la defensa y/o prohibirle presentar prueba sobre la misma. En la versión aprobada por el Tribunal Supremo para esta Regla, en su inciso (d), se consignó el nuevo requisito de que las negaciones impugnarán en lo sustancial las aseveraciones correspondientes y **expresarán afirmativamente la versión de los hechos negados por la parte que presenta la alegación responsiva**. [Énfasis Nuestro]. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Publicaciones JTS 2011, 2do ed., T. II, pág. 398.

Por otro lado, la Regla 6.2 inciso (c) y (d) de Procedimiento Civil disponen que:

> (c) Si la parte no tiene el conocimiento o la información suficiente para formar una opinión en cuanto a la veracidad de alguna de las aseveraciones expuestas, por tratarse de hechos que no pueden constatarse dentro del término concedido para contestar, así lo hará constar. La parte que proceda de este modo estará obligada a investigar la veracidad o falsedad de la aseveración negada por falta de información y conocimiento, y a enmendar su alegación dentro del término que fije el tribunal en la conferencia inicial o, en o antes de la fecha señalada para la conferencia con antelación al juicio. Si a la parte respondiente no le es posible constatar las aseveraciones así negadas, luego del uso de los métodos de descubrimiento disponibles y de otras diligencias razonables, deberá enmendar su alegación para negarla. **Si la alegación no se enmienda para admitir o negar las aseveraciones negadas por falta de información y conocimiento, éstas se considerarán admitidas.**[1] (Énfasis suplido).

> (d) Las negaciones impugnarán en lo sustancial las aseveraciones correspondientes y expresarán afirmativamente la versión de los hechos negados por la parte que presenta la alegación responsiva. Cuando la parte que presenta una alegación responsiva intente negar solamente una parte de una aseveración o una condición a una aseveración o una condición a una aseveración, especificará aquella parte de ella que sea cierta y material, y negará el resto. La parte respondiente podrá negar específicamente cada una de las aseveraciones o párrafos de la alegación, o podrá negar, en forma general, todas las aseveraciones o párrafos de dicha alegación, excepto aquellas aseveraciones o párrafos que ella admita expresamente. Sin embargo, si la parte se propone negar todas las aseveraciones expuestas en dicha alegación, podrá hacerlos mediante una negación general, sujeto a lo establecido en la Regla 9 de este apéndice.

Por su parte, la Regla 6.4 de Procedimiento Civil vigentes, dispone las consecuencias de no negar las aseveraciones de una alegación, de lo cual excluye las relacionadas al monto de los daños, y citamos:

---

[1] 32 LPRA Ap. V, R. 6.2(c).

> Las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva.
>
> Las aseveraciones contenidas en una alegación que no requiera ni admita una alegación responsiva, se tendrán por negadas.[2]

### D.

La controversia antes nos surge a raíz de un acuerdo efectuado entre las partes antes de que entrara en vigor el Código Civil de Puerto Rico de 2020, por lo que es de aplicación el Código Civil de Puerto Rico de 1930.

Este dispone que "[e]l contrato existe desde que una o varias personas consienten en obligarse respecto de unas u otras, a dar alguna cosa o prestar algún servicio". Artículo 1206 del Código Civil, 31 LPRA ant. sec. 3371. Se trata de un negocio jurídico bilateral y patrimonial cuyo ámbito de aplicación puede recaer en la creación de una obligación, como en la modificación o extinción de una obligación ya existente. La perfección del contrato opera cuando concurre el consentimiento de las partes con el objeto y la causa, salvo que la ley imponga de una forma solemne para su perfección. Artículo 1210 del Código Civil, 31 LPRA ant. sec. 3375. Es decir, para que el contrato sea eficaz va a requerir los elementos esenciales de consentimiento, objeto y causa. Artículo 1213 del Código Civil, 31 LPRA ant. sec. 3391.

El ordenamiento contractual en nuestra jurisdicción está enmarcado en el principio de autonomía contractual.  Es decir, los contratantes tienen amplia libertad para acordar las cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarias a las leyes, a la moral, ni al orden público. Artículo

---

[2] 32 LPRA Ap. V, R. 6.4.

1207 del Código Civil, 31 LPRA ant. sec. 3372. A su vez, estas obligaciones tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de estos. Artículo 1044 del Código Civil, 31 LPRA ant. sec. 2994. Los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de los expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. Artículo 1210, 31 LPRA ant. sec. 3375. El Tribunal Supremo nos indica que la buena fe supone guardar fidelidad a la palabra dada y no defraudar la confianza, ni abusar de ella. SLG Silva-Alicea v. Boquerón Resort, 186 DPR 532, 547 (2012); Colón v. Glamorous Nails, 167 DPR 33, 45 (2006).

### III.

En esencia señalan los peticionarios que erró el TPI al no dictar Sentencia Parcial por las alegaciones, basado en que, cuando presentó su Contestación, la parte recurrida admitió o no negó expresamente las Alegaciones que reclaman los elementos del incumplimiento del contrato reclamado.

No hay controversia que la demanda se presentó el pasado 1 de julio de 2024 y la contestación, por la parte recurrida, se presentó el pasado 6 de septiembre de 2024. Ante el pliego presentado, el 10 de septiembre de 2024, los aquí peticionarios presentaron Moción Solicitando Sentencia Parcial por las Alegaciones de la Parte Demandada. La parte demandada, aquí recurrida, no se opuso, ni tampoco se lo requirió el TPI. Sin embargo, el 24 de septiembre de 2024, el TPI emitió Resolución, mediante la cual declaró:

"No Ha Lugar a Solicitud Dictar Sentencia Parcial".

Por entender que dicho proceder es erróneo, la parte peticionaria recurrió ante este Foro mediante el presente recurso.

Tan pronto se presentó este recurso el 23 de octubre de 2024, ordenamos a la parte recurrida que expresara su posición, de así desearlo, en torno a la Petición de Certiorari y la Urgente Moción en Auxilio de Jurisdicción. No obstante, la parte recurrida no compareció ante este Foro a oponerse a lo solicitado. Ante ello, el pasado 6 de noviembre de 2024, emitimos una Resolución mediante la cual ordenamos la paralización de todo trámite pendiente ante el TPI.

La Contestación a Demanda, como reclaman los peticionarios y demandantes en el TPI, no niega alegaciones relacionadas al incumplimiento del contrato. Veamos.

La Demanda contenía las siguientes alegaciones materiales y relacionadas a la Moción para que se dicte Sentencia Parcial por las Alegaciones:

1. El Demandante Municipio Autónomo de Mayagüez ("Municipio"), es una entidad política jurídica y separada y existente al amparo de la Ley 107-2020, conocida como el Código Municipal de Puerto Rico; con capacidad para demandar y ser demandado. Su dirección postal es Apartado 447, Mayagüez, Puerto Rico 00681. Su número de teléfono es (787) 834-8585.
2. La demandante Mayagüez Economic Development, Inc. ("MEDI"), es una corporación creada por la Legislatura Municipal de Mayagüez, mediante la Ordenanza Núm. 23, Serie 2013-2014, según enmendada por la Ordenanza Núm. 25, Serie 2013-2014, y registrada en el Departamento de Estado bajo el número 207273. Su dirección postal es Apartado 447, Mayagüez, Puerto Rico 00681. Su número de teléfono es (787) 834-8585.
3. La demandada Égida del Policía, Inc. ("Égida"), es una entidad sin fines de lucro, constituida y creada bajo las Leyes del Gobierno de Puerto Rico, registrada en el Departamento de Estado con el número 13694. Su dirección postal es RR 3, Box 3724, San Juan, Puerto Rico 00928 y su dirección física es Carr. 1, km. 20.9, Guaynabo, Puerto Rico 00926. No tenemos constancia de número de teléfono Su agente residente es Sr. José J. Taboada de Jesús.

## A. Primera Causa de Acción: Incumplimiento de Contrato

40. Por virtud de la Escritura 64, según enmendada por las Escrituras 65 y 1, MEDI le transfirió a la Égida,

condicionalmente y con cláusulas de reversión, la titularidad de la Parcela A descrita en la alegación 22, ante, y donde ubica la antigua "Residencia de Enfermeras", para que la demandada la rehabilitara, desarrollara, convirtiera y operara en ella una égida para personas de sesenta (60) años o más, de bajos ingresos, cumpliendo con las leyes, reglamentos y estándares aplicables a las égidas y establecimientos para el cuidado de personas de la tercera edad en Puerto Rico.

41. Conforme al párrafo QUINTO de la Escritura 1, la Égida tendría "un año a partir del [18 de marzo de 2021], o sea, hasta el dieciocho (18) de marzo de dos mil veintidós (2022), para confirmar el financiamiento con el que darán cumplimiento a los términos aquí establecidos."

42. La comunicación de 17 de marzo de 2022, enviada por la Égida --y en la que esta representó haber identificado los fondos para el financiamiento con el cual dar cumplimiento a los términos acordados en las Escrituras 64, 65 y 1-- no incluyó documento alguno que confirmara dicha alegación.

43. Como cuestión de realidad, y a pesar de dicha representación, al día de hoy, la Égida ni siquiera ha comenzado el desarrollo del proyecto en la Parcela A que le fue transferida condicionalmente, no obstante haberse obligado a ello, indicando que lo haría en o antes del 18 de marzo de 2024.

44. Asimismo, al no contener ningún documento fehaciente en su apoyo, la aludida carta de 17 de marzo de 2022, resultó insuficiente en derecho para cumplir con lo requerido en la Escritura 64, según enmendada.

45. Establecido lo anterior, el párrafo SEXTO de la Escritura 1, dejó claro que el incumplimiento con el párrafo QUINTO antes transcrito, "será motivo suficiente para que [MEDI] pueda dar por terminado todo lo relacionado con la contratación y lo establecido en la presente escritura y la escritura número sesenta y cuatro (64) antes señalada".

46. Resulta evidente, que la Égida incumplió con lo que se obligó, conforme fue establecido en las Escrituras 64, 65 y 1, por lo que, en virtud del párrafo SEXTO de la Escritura 1, procede se declare a la Égida en incumplimiento de contrato.

**B. Segunda Causa de Acción: Acción Reivindicatoria; Incumplimiento de Condición Resolutoria**

57. En el caso de autos, la Escritura 1, dispuso en su párrafo SEXTO que el incumplimiento con su párrafo QUINTO, "será motivo suficiente para que [MEDI] pueda dar por terminado todo lo relacionado con la contratación y lo establecido en la presente escritura y la escritura número sesenta y cuatro (64) antes señalada".

58. Asimismo, las Escrituras 64 y 65, según enmendada por la Escritura 1, establecieron que, en o antes del 18 de marzo de 2024, la parte demandada tenía que haber iniciado el desarrollo de la égida en la propiedad descrita en la alegación 22, ante, que le fue transferida condicionalmente por MEDI.

59. No obstante lo anterior, la comunicación de 17 de marzo de 2022, enviada por la Égida --y en la que esta representó haber identificado los fondos para el financiamiento con el cual dar cumplimiento a los términos acordados en las

Escrituras 64, 65 y 1-- no incluyó documento alguno que confirmara dicha alegación.

60. Como cuestión de realidad, y a pesar de dicha representación, al día de hoy, la Égida ni siquiera ha comenzado el desarrollo del proyecto en la Parcela A que le fue transferida condicionalmente, no obstante haberse obligado a ello, indicando que lo haría en o antes del 18 de marzo de 2024.

61. Asimismo, al no contener ningún documento fehaciente en su apoyo, la aludida carta de 17 de marzo de 2022, resultó insuficiente en derecho para cumplir con lo requerido en la Escritura 64, según enmendada.

62. Establecido lo anterior, el párrafo SEXTO de la Escritura 1, dejó claro que el incumplimiento con el párrafo QUINTO antes transcrito, "será motivo suficiente para que [MEDI] pueda dar por terminado todo lo relacionado con la contratación y lo establecido en la presente escritura y la escritura número sesenta y cuatro (64) antes señalada".

63. Asimismo, las Escrituras 64, 65 y 1, establecieron el derecho de reversión de MEDI sobre la Parcela A, ante el incumplimiento de la Égida con las condiciones impuestas.

64. En consecuencia, procede que se ordene la reivindicación de la Parcela A en controversia a su legítimo titular, MEDI, ante el incumplimiento de la Égida con las condiciones establecidas en las Escrituras 64, 65 y 1.

**C. Tercera Causa de Acción: Sentencia Declaratoria**

70. En atención a lo anterior, resulta imperativo que, de conformidad con la Regla 59.1 de las de Procedimiento Civil, supra, se dicte sentencia declaratoria determinando que la parte demandada incumplió con sus obligaciones bajo las

Escrituras 64, 65 y 1; que la carta de 17 de marzo de 2022, resultó insuficiente en derecho para cumplir con lo requerido en la Escritura 64, según enmendada; que la Égida incumplió con las condiciones establecidas en las Escrituras 64, 65 y 1; y, que procede la devolución inmediata a MEDI de la propiedad descrita en la alegación 22, ante.

El 6 de septiembre de 2024, la Recurrida presentó Contestación a Demanda, en la que expuso las siguientes alegaciones:

1. Las alegaciones contenidas en el acápite I de la Demanda se aceptan (alegaciones 1, 2, 3 de la Demanda).

2. Las alegaciones contenidas en el acápite II de la Demanda (Relación de Hechos, incisos 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 de la Demanda).

3. Las alegaciones contenidas en la Primera Causa de Acción: Incumplimiento de Contrato de la Demanda se aceptan lo aseverado en los números 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 de la Demanda.

4. Las alegaciones contenidas en la Segunda Causa de Acción: Acción Reivindicatoria, Incumplimiento de Condición Resolutoria se acepta lo aseverado en los incisos 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64 de la Demanda. 5. Las alegaciones contenidas en la Tercera Causa de Acción: Sentencia Declaratoria, se acepta lo aseverado en los incisos 65, 66, 67, 68, 69, 70 de la Demanda.

5. Las alegaciones contenidas en la Tercera Causa de Acción: Sentencia Declaratoria, se acepta lo aseverado en los incisos 65, 66, 67, 68, 69, 70 de la Demanda.

6. Las alegaciones contenidas en la Cuarta Causa de Acción: Daños y Perjuicios se niegan en su totalidad los incisos 71, 72, 73, 74, 75, 76, 77 de la Demanda. Toda vez que nunca se han probado dichos daños y perjuicios conforme a derecho[3].

Como surge de la contestación citada antes, esas alegaciones relacionadas a los eventos que provocan el incumplimiento de contrato, no fueron negadas, de hecho, la mayoría fueron admitidas expresamente por la Recurrida, demandada en el TPI. Solo se negaron las alegaciones de reclamación de daños y como indicamos, las alegaciones contenidas en el acápite II de la Demanda (Relación de Hechos, incisos 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 de la Demanda) no se indicó nada si se admitían o negaban.

Veamos el efecto de que la aquí recurrida presentara al TPI una Contestación a Demanda y no negara expresamente algunas alegaciones que reclaman incumplimiento del contrato y expresamente admitió otras dirigidas a establecer datos que prueban el incumplimiento del contrato. De hecho, la mayoría de esas alegaciones las admitió, pero nada indicó, como podemos ver en la cita de la contestación antes transcrita, particularmente en la contestación denominada en torno al Acápite II de la Demanda, en la que ni negó ni aceptó las alegaciones denominadas en la demanda de la número 4 a la número 33. Esta posición de no negar ni admitir alegaciones trae las consecuencias que decreta la Regla 6.4 de las de Procedimiento Civil, supra.

---

[3] Véase Apéndice, p. TA-15 a TA-16.

Expresamente, surge de dicha Regla 6.4, antes señalada, que esas alegaciones, que no se refieren al monto de los daños, se considerarán admitidas si no fueron negadas, como en este caso ocurrió en la Contestación presentada ante el TPI.

El primer párrafo de la Regla 6.4 de Procedimiento Civil, lo repetimos por ser corto y explícito en lo que estamos resolviendo:

> "Las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva."

Una simple lectura de ese mandato que surge de ese primer párrafo de la Regla 6.4, no deja lugar a dudas sobre lo que procede ante esa situación, que es precisamente lo que resolvemos en este caso: las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva. Por eso nos vemos obligados a revocar la Resolución recurrida.

Ello dispone de lo que procede hacer con la contestación brindada a las alegaciones contenidas en el acápite II de la Demanda, Relación de Hechos, incisos 4 a 33 de la demanda. Así pues, procede admitir esas alegaciones no negadas y junto a las alegaciones expresamente admitidas en la contestación a la demanda, concluimos que se requiere dictar Sentencia Parcial por las alegaciones, como correctamente reclama la parte peticionaria. Ante ello, el error reclamado se cometió y procede expedir el auto de certiorari, revocar la Resolución contra la que se recurre y ordenar al TPI dictar la Sentencia solicitada por la parte aquí peticionaria y demandante ante el TPI.

**IV.**

Por los fundamentos antes expuestos, se expide el Auto solicitado y se revoca la Resolución contra la que se recurre y se le ordena a la Sala de Mayagüez del Tribunal de Primera Instancia, que conforme a los fundamentos antes expuestos, los que hacemos formar parte de esta Sentencia, se sirva declarar Ha Lugar, la Solicitud de Sentencia Parcial por las Alegaciones presentada por la parte aquí peticionaria y demandante ante el TPI y emita la Sentencia Parcial que corresponde y continúe los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones